# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. DOOR AND HARDWARE,<br><br>             Plaintiff,<br><br>    v.<br><br>ROGERS QUINN CONSTRUCTION Inc. et al.,<br><br>             Defendants. | CV F 00-5975 AWI LJO<br><br>ORDER DISMISSING ACTION<br>FOR LACK OF PROSECUTION |

On July 3, 2000, Plaintiff filed a complaint pursuant to the Miller Act. On December 11, 2000, the court granted Defendants' motion to compel arbitration and stayed this action. The parties were directed to file status reports. The parties have filed neither status reports nor otherwise contacted the court.

On January 5, 2007, the Clerk of the Court issued a minute order setting a February 12, 2007 hearing date to determine if this action should be dismissed for lack of prosecution. The order stated any opposition to dismissal was to be filed five court days prior to the hearing. No opposition was timely filed. The case was called during the court's afternoon calender on February 12, 2007, but neither Plaintiff nor any other party appeared.

A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action or failure to obey a court order. See, e.g., Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992). In determining whether to dismiss an action for lack of prosecution the court must

1 consider several factors, including: (1) the public's interest in expeditious resolution of litigation;
2 (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the
3 public policy favoring disposition of cases on their merits; and (5) the availability of less drastic
4 alternatives. Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995); Ferdik, 963 F.2d at 1260-61.

5     At this time, the court finds dismissal of this action for Plaintiff's failure to prosecute is
6 appropriate. The public's interest in expeditiously resolving this litigation and the court's
7 interest in managing the docket weigh in favor of dismissal. This action has been pending for
8 over six years. No party has filed a document in over six years. The court cannot manage its
9 docket if it maintains cases in which the plaintiff has failed to litigate its case. The public's
10 interest in the expeditious resolution of litigation weighs heavily in favor of dismissal of such
11 cases so that the court's limited resources may be spent on cases in which the litigant is actually
12 proceeding. Public policy favoring disposition of cases on their merits also has little or no
13 weight in actions where the plaintiff has not contacted the court in over six years. The availability
14 of less drastic sanctions has been considered, but given that no party has not contacted the court
15 in six years and no party responded to the court's January 5, 2007 order, the court has no
16 effective sanction but to close the case. The January 5, 2007 order informed the parties that any
17 opposition to dismissal must be filed by February 5, 2007 and they must appear at the February
18 12, 2007 hearing. Finally, the risk of prejudice to Defendants also weighs in favor of dismissal
19 because a presumption of injury arises from the occurrence of unreasonable delay in prosecuting
20 an action. See Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976).

21     Accordingly, the court ORDERS that:
22     1.    This action is DISMISSED for Plaintiff's failure to prosecute; and
23     2.    The Clerk of the Court is DIRECTED to close the case.

25 IT IS SO ORDERED.

26 **Dated:   February 12, 2007**             **/s/ Anthony W. Ishii**
27 0m8i78                              UNITED STATES DISTRICT JUDGE